# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# (ATLANTA DIVISION)

| | |
|---|---|
| CECILE ALLEYNE,<br><br>                    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                    Defendant. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **FCRA, 15 USC §1681** *et seq.* |

Plaintiff Cecile Alleyne ("Plaintiff"), through her attorneys, alleges the following against Defendants Experian Information Solutions, Inc. ("Experian"):

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), which requires credit reporting agencies to assure maximum possible accuracy of the information they report.

## JURISDICTION AND VENUE

1.  The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

1

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district

3. Defendants transact business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff Cecile Alleyne is a natural person residing in the city of Atlanta in Fulton County, Georgia.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Experian is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Upon information and belief Experian disburses consumer reports to third parties under contract for monetary compensation.

8. At all relevant times, Defendant acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

9. On or about March 8, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Georgia, case number 19-53881-jwc.

10. Plaintiff was discharged from her Chapter 7 bankruptcy on or about November 22, 2019.

11. Plaintiff was eager to begin working on improving her credit following her bankruptcy and obtaining her "fresh start".

12. In or around April of 2020, Plaintiff obtained her Experian, Equifax, and Trans Union consumer credit reports to make sure the bankruptcy reporting was accurate.

13. Plaintiff discovered that Defendant Experian was reporting her Comenity Bank/LnBryant Account (the "Account") No. 697800XXXXXX, opened in November of 1988, as "Open", with an owed Balance of $58 as of March 2019, and a scheduled monthly payment of $5.

14. Experian also reported the Account with a Payment Status of "Current, was past due 30 days."

15. Curiously, Experian stopped updating the Account the same month Plaintiff filed for bankruptcy.

16. Experian should have reported the Account as Closed and discharged in bankruptcy with zero balance owed.

17. Non-parties Equifax and Trans Union were both correctly reporting the Account as discharged through bankruptcy.

18. Upon information and belief, Experian proactively sought out and paid for Plaintiff's Public Record bankruptcy information in order to post it to her credit report. The CRA's have been conducting such inquiries via third party vendors for many years and search daily for all U.S. consumer bankruptcy filings with the purpose of reporting them to consumers' credit reports.

19. Experian does not maintain reasonable procedures to ensure that pre-bankruptcy, derogatory debts definitively report that the debt was either paid or discharged in bankruptcy and do not continue to report derogatory payment history or balances after the bankruptcy was filed.

20. Experian received notice that accounts such as the Account was discharged in bankruptcy because Experian was reporting the bankruptcy as filed after the accounts were opened and that it was then discharged.

21. Further, Experian has been sued many times for similar conduct and is aware that when it receives notice of a Chapter 7 bankruptcy discharge that all pre-bankruptcy installment loans or revolving accounts are automatically assumed to

have been discharged through the consumer's bankruptcy; known as the "default rule".

22. Experian also received notice of its inadequate post-bankruptcy reporting procedures through the thousands of lawsuits and FTC and Consumer Financial Protection Bureau complaints filed against it for its inaccurate reporting following a Chapter 7 discharge.

23. Upon information and belief, Experian had notice of Comenity Bank/LnBryant unreliable procedures to properly update the reporting of pre-Chapter 7 debt upon discharge of a bankruptcy.

24. Experian is reporting that Plaintiff may owe debt that she does not actually owe, thereby damaging her credit scores.

25. As a result of Experian's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

26. Experian's reporting is particularly aggravating of Plaintiff's damages because Experian's inaccurate reporting damages Plaintiff's credit, which she is attempting to rebuild after bankruptcy.

27. The inaccurate reporting by Experian caused Plaintiff stress and anxiety about her credit reputation and a belief that she may still owe the debt.

28. Upon information and belief, the inaccurate information was published to third parties and negatively impacted Plaintiff's ability to receive credit and caused Plaintiff to receive credit at less favorable terms.

29. Specifically, Plaintiff applied for an apartment; she was approved, but at less favorable terms than if all her pre-bankruptcy debt had been correctly reporting as discharged.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

32. Defendant Equifax reported the Account, that was included in Plaintiff's bankruptcy, as though Plaintiff still owed the debt after the discharge.

33. Defendant Trans Union reported the Account, that was included in Plaintiff's bankruptcy, as though Plaintiff still owed the debt after the discharge.

34. Defendants' violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

35. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities and favorable credit terms, emotional distress, humiliation, and mental anguish.

36. The violations by the credit reporting agencies were willful, rendering the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the credit reporting agencies were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

37. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Cecile Alleyne respectfully requests judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendant violated the FCRA;

    B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

    C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

    D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 31st day of July 2020.

By:/s/Jenna Dakroub
Jenna Dakroub
Bar Number 385021
**Price Law Group**
8245 N. 85th Way
Scottsdale, AZ 85258
E: jenna@pricelawgroup.com
T: (818) 600-5513
F: (818) 600-5413
*Attorneys for Plaintiff*
*Cecile Alleyne*